UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JERRY DEEN HARGRAVE, JR.,                          Case No. 1:13-cv-01116-HA

        Plaintiff,                                   OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, District Judge:

        Plaintiff Jerry Deen Hargrave, Jr. seeks judicial review of a final decision by the Acting

Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Acting Commissioner's

decision under 42 U.S.C. § 405(g).  After reviewing the record, this court concludes that the

Acting Commissioner's decision must be reversed and remanded for further proceedings.


OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist

in a significant number in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of

awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a).  On the other hand, if the

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of

determining benefits eligibility. *Id.*

    The Commissioner's decision must be affirmed if it is based on the proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

    When reviewing the decision, the court must weigh all of the evidence, whether it

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098.  The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances where the evidence supports either

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).  If, however, the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision, the decision must be set aside. *Id.* at 720.

## FACTUAL AND PROCEDURAL HISTORY

    Plaintiff was born in 1961 and completed the twelfth grade.  He also has work experience

as a farm supervisor, farm laborer, and bio-diesel plant manager.  Plaintiff protectively filed his

application for DIB on January 23, 2009, alleging that he has been disabled since January 14, 2009. The claim was denied initially on July 15, 2009, and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on December 16, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On January 6, 2012, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had engaged in SGA since January 14, 2008, his alleged onset date. Tr. 11.[1] Plaintiff earned a total of $27,349.77 in 2010 while working as a farm supervisor. He continued to work in that role through the middle of April 2011 and earned approximately $2,500.00 per month. Despite finding that plaintiff engaged in SGA in 2010 and 2011, the ALJ proceeded to the next steps of the sequential analysis because plaintiff's application for DIB included a period between January 2008 and March 2010 when he had no reported earnings. Tr. 12.

At step two, the ALJ found that plaintiff suffers from the following medically determinable severe impairments: degenerative disease of the lumbar spine, status post two fusion surgeries. Tr. 12. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 12. After considering the entire record, the ALJ found that plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can lift/carry up to fifteen pounds, on both

---

[1] "Tr." refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

an occasional and frequent basis, and perform tasks that involve about four hours of standing or walking (up to thirty minutes at a time), and about five hours of sitting (up to fifty minutes at a time). Such tasks must permit him to have a brief change position every thirty minutes. He can occasionally balance, stoop, kneel, crouch, crawl, or climb stairs or ramps. He must avoid climbing ladders, ropes, or scaffolds. He can engage in frequent, but not constant, reaching overhead and all other directions. He must avoid concentrated exposure to extreme cold. Tr. 12-13. Based on plaintiff's RFC and the testimony of the VE, the ALJ found that plaintiff is capable of performing past relevant work as a farm supervisor (Dictionary of Occupational Title 407.131-010; heavy (actually performed at a sedentary level); skilled). The ALJ found that this work does not require the performance of work-related activities precluded by plaintiff's RFC. Tr. 17. In the alternative, the ALJ relied on the testimony of the VE to determine that plaintiff is able to perform work existing in significant numbers in the national economy, such as farm equipment customer service tech, farm equipment sales, and production scheduler. Therefore, the ALJ concluded that plaintiff is not disabled. Tr. 17.

On May 16, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**DISCUSSION**

Plaintiff asserts that the ALJ erred by (1) failing to find that plaintiff's impairments meet the Listings criteria of section 1.04; (2) rejecting the opinion of Karl Wenner, M.D.; (3) finding plaintiff could perform his past relevant work; (4) failing to appropriately consider plaintiff's age; and (5) finding that plaintiff could perform other work at step five. Each of plaintiff's arguments

will be addressed in turn.

### 1.   Listings Section 1.04.

Plaintiff argues that his impairments meet the criteria for Listing 1.04, and the ALJ erred

by finding otherwise. At step three of the sequential evaluation process, plaintiff bears the

burden to prove that his impairment meets or equals an impairment listed in 20 C.F.R. Part 404,

Subpart 1, Appendix 1. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). In order to

overcome that burden in this case, plaintiff must demonstrate that his impairments meet or equal

the following:

> (1) evidence of nerve root compression characterized by neuro-anatomic
> distribution of pain, limitation of motion of the spine, motor loss (atrophy with
> associated muscle weakness or muscle weakness) accompanied by sensory or
> reflex loss and, if there is involvement of the lower back, positive straight-leg
> raising test (sitting and supine); (2) spinal arachnoiditis, confirmed by an
> operative note or pathology report of tissue biopsy, or by appropriate medically
> acceptable imaging, manifested by severe burning or painful dysesthesia, resulting
> in the need for changes in position or posture more than once every 2 hours; or (3)
> Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on
> appropriate medically acceptable imaging, manifested by chronic nonradicular
> pain and weakness, and resulting in inability to ambulate effectively, as defined in
> 1.00B2b.

20 C.F.R. Part 404, Subpart P, Appendix 1.

In his decision, the ALJ explained that the record does not demonstrate certain criteria of

the Listing. Specifically, the ALJ noted that plaintiff demonstrated a normal range of motion,

plaintiff could ambulate with a normal gait, and medical imaging revealed no evidence of lumbar

stenosis. Tr. 12. Plaintiff accurately notes that the record does contain evidence of a limited

range of motion and lumbar stenosis. However, the record fails to demonstrate other criteria of

the Listing.

OPINION AND ORDER - 6

Significantly, the Listing above requires that if there is an impairment of the lower back, plaintiff must demonstrate a positive straight-leg test in both the sitting and supine position. Plaintiff concedes that the one portion of the record that evidences a positive straight-leg test does not specify whether the test was performed sitting, supine, or both. Plaintiff has failed to present evidence of positive sitting and supine straight-leg raising tests. Similarly, although it is a Listing requirement, plaintiff acknowledges that the record does not show significant muscle weakness or atrophy. Pl.'s Brief at 12. Therefore, plaintiff has not met his burden of demonstrating that his impairments meet or equal Listing 1.04, and the court finds that the ALJ's determination at step three was supported by substantial evidence in the record. *Lotze v. Comm'r of Soc. Sec.*, 213 Fed. Appx. 591, 593 (9th Cir. 2006) (holding that the ALJ's determination at step three should be affirmed if substantial evidence in the record demonstrates that a plaintiff's severe impairment does not meet or medically equal an impairment listed in Appendix 1).

### 2.    The Opinion of Karl Wenner, M.D.

Plaintiff argues that the ALJ erred in discounting the opinion of plaintiff's treating physician, Dr. Wenner. An ALJ may reject uncontradicted opinions of treating physicians for clear and convincing reasons that are supported by substantial evidence, but contradicted opinions may be rejected by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citations omitted). As noted by the ALJ, Dr. Wenner's opinion was contradicted at least by that of John Reichle, M.D.; therefore, the ALJ needed only to provide specific and legitimate reasons for rejecting Dr. Wenner's opinion in this case.

The ALJ provided several specific and legitimate reasons for rejecting Dr. Wenner's

OPINION AND ORDER - 7

opinion. First, Dr. Wenner's opinions were internally inconsistent without explanation. In August 2011, Dr. Wenner opined that plaintiff was capable of lifting twenty pounds occasionally and up to ten pounds frequently, stand/walk for four hours, and sit for four hours in an eight-hour day. Tr. 517. Following plaintiff's treatment at Progressive Rehabilitation Associates in October 2011, Dr. Wenner opined that plaintiff was medically stationary and permanently disabled. Tr. 532. Then, the next month, Dr. Wenner explained that plaintiff can lift up to ten pounds on an occasional and frequent basis and sit and stand for three hours in a work day. Tr. 534. An ALJ may reject a physician's opinion if that physician provides inconsistent opinions. *Matney on Behalf of Mayney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992). Therefore, the inconsistences noted by the ALJ constituted a specific and legitimate reason for rejecting Dr. Wenner's opinion.

Second, the ALJ reasoned that Dr. Wenner relied primarily on the subjective complaints of plaintiff rather than medical findings. An ALJ may reject a treating physician's opinion if it is based to a large extent on plaintiff's self-reports that have been properly discounted. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and quotation omitted). Here, the ALJ properly found that plaintiff's statements regarding the intensity, persistence, and the limiting effects of his symptoms are not fully credible, and this is a decision that plaintiff has not challenged. Therefore, this constitutes another specific and legitimate reason for discounting Dr. Wenner's opinion and the court finds no error.

### 3.   Past Relevant Work

Plaintiff argues that the ALJ erred by finding that plaintiff's most recent work as a farm supervisor was past relevant work within the meaning of the Act. The term past relevant work means work performed within the last fifteen years, that was SGA, and that lasted long enough

for an individual to learn to do it. 20 C.F.R. § 404.1560. However, work done under special conditions that take into account a plaintiff's impairment may demonstrate that the plaintiff does not have the ability to do SGA. 20 C.F.R. § 404.1573. In determining whether the previous work shows that one is able to perform SGA, the ALJ should consider one's earnings. 20 C.F.R. § 404.1574. In considering one's earnings, the ALJ shall not consider any income that is not related to that individual's productivity. *Id.* For example, if earnings are being subsidized, the ALJ shall not consider the amount of the subsidy to determine whether past earnings demonstrate that the plaintiff has done SGA.

In this case, it is clear that the ALJ considered plaintiff's past earnings in determining that his work as a farm supervisor was SGA. Tr. 28. However, there is evidence in the record that indicates that plaintiff was hired as a farm supervisor as a part of a worker's compensation program. Tr. 248.[2] The ALJ failed to inquire further as to the special conditions or subsidies afforded by this program during the hearing and failed to address any special conditions or subsidies in his written decision. As such, the court finds that the ALJ failed to properly develop the record and erred in finding that plaintiff's role as a farm supervisor was past relevant work. *Mayes*, 276 F.3d at 459-60 (an ALJ has a duty to develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence).

4.    **Plaintiff's Age**

Plaintiff argues that if an individual closely approaching advanced age cannot perform his

---

[2] In support of his Reply Brief, plaintiff submitted additional evidence on this issue. The court did not consider this evidence because plaintiff has not shown good cause for his failure to present the evidence to the ALJ. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citing 42 U.S.C. § 405(g)).

past relevant work, the Medical-Vocational Guidelines require a finding of disability. The Guidelines require this outcome only when the plaintiff has no transferrable skills. 20 C.F.R. § 404, Subpart P, Appendix 2, Rules 201.14 and 201.15. If the plaintiff has transferable skills, the Guidelines conclude that the plaintiff is not disabled. *Id.*

In this case, the VE testified and defendant argues that plaintiff performed skilled work as a farm supervisor. Tr. 64. The VE testified that plaintiff obtained skills in that job that would be readily transferable to other work. Tr. 67. However, as discussed above, plaintiff's position as a farm supervisor was part of a worker's compensation program. Neither the VE nor the ALJ address what special conditions this program afforded plaintiff. Similarly, neither explains that plaintiff obtained transferable skills despite any special conditions that may have been present. Thus, the record is insufficiently developed to determine whether plaintiff is disabled under 20 C.F.R. § 404, Subpart P, Appendix 2, Rule 201.14. Further proceedings are required to analyze the details of the worker's compensation program through which plaintiff was hired.

### 5.    Step Five Findings

An error in step four of the sequential analysis may be harmless when the ALJ makes alternative findings at step five. *Tommassetti*, 533 F.3d at 1042. In this case, plaintiff argues that the ALJ also erred in step five. Specifically, plaintiff argues that the ALJ erred by finding that plaintiff could perform the positions of farm equipment customer service tech and farm equipment sales. Plaintiff accurately notes and defendant concedes that, while the ALJ assigned an RFC that allows less than light exertion, these occupations require a light exertional level.

Defendant argues that the ALJ did not err in step five because he is allowed to rely on the testimony of the VE. However, the ALJ may not rely on a VE's testimony without first inquiring

OPINION AND ORDER - 10

whether the testimony conflicts with the Dictionary of Occupational Titles. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). To accept a VE's testimony that contradicts the Dictionary of Occupational Titles, the record must contain persuasive evidence to support the deviation. *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (quotation omitted). In this case, the ALJ asked the VE whether his testimony was consistent with the Dictionary of Occupational Titles and the VE represented that it was. Tr. 73. However, it is clear that, according to the Dictionary of Occupational Titles, two of the positions listed require an RFC greater than that assigned to plaintiff by the ALJ. The VE offered no testimony that explains the discrepancy; therefore, the ALJ erred in relying on that testimony and concluding that plaintiff could perform the jobs of farm equipment customer service tech and farm equipment sales.

It could be argued that this error is harmless because the ALJ also relied on the VE's testimony to conclude that plaintiff could perform one job at the sedentary exertional level: production scheduler. Relying on *Lounsburry v. Bernhart*, 468 F.3d 1111, 1117 (9th Cir. 2006), plaintiff contends that he must be found disabled because the identification of only one occupation is insufficient to demonstrate a "significant range of work." *Lounsburry* is inapplicable, however, because the sedentary grid rules (20 C.F.R. 404, Subpart P, Appendix 2, Rule 201.00) apply to this case - not the light work grid rule (20 C.F.R. 404, Subpart P, Appendix 2, Rule 202.00). *Tommasetti*, 533 F.3d at 1043–44. In *Tommasetti*, the Ninth Circuit held that, under the sedentary grid rules, one occupation is a "significant range of work" and the claimant was not disabled. *Id.* In this case, the VE testified that plaintiff was capable of performing the job of production scheduler, for which jobs exist in significant numbers in the national economy.

OPINION AND ORDER - 11

However, the transcript of the proceedings in this case give this court a basis to question the VE's testimony with respect to that position. Specifically, the VE testified that plaintiff could perform the job of production scheduler based on the transferable skills he obtained as a farm supervisor. Tr. 69-70. As discussed above, the record concerning plaintiff's role as a farm supervisor is not adequately developed. Neither the VE nor the ALJ addressed whether the worker's compensation program through which plaintiff was hired in any way impacted the transferability of skills that plaintiff obtained in that role. Without such analysis, the ALJ's reliance on the VE's testimony regarding plaintiff's ability to perform a job that requires those transferable skills was an error. The ALJ's failure to develop the record in step four impacted his alternative findings in step five. Therefore, further proceedings are required to determine the special conditions afforded to plaintiff through the worker's compensation program and how those special conditions impacted the transferability of plaintiff's skills.

///

///

///

///

///

///

///

///

OPINION AND ORDER - 12

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Acting Commissioner denying Jerry Deen Hargrave, Jr.'s application for disability benefits must be REVERSED and REMANDED for further proceedings consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this ___8___ day of July, 2014.

Ancer L. Haggerty

United States District Judge

OPINION AND ORDER - 13